UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAMELA WILLIAMS,<br>   Plaintiff<br><br>  v.<br><br>CHICAGO TRANSIT AUTHORITY,<br>   Defendant | No. 24 CV 1874<br><br>Judge Jeremy C. Daniel |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Pamela Williams brings this suit against her employer, the Chicago Transit Authority ("CTA"), alleging sex and disability-based violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"); the Illinois Workers Compensation Act, 820 ILCS 305/4(h) ("IWCA"); and the Illinois Human Rights Act, 775 ILCS 5/2-102 ("IHRA"). (R. 1.) The CTA now moves to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 2.) For the following reasons, the motion is denied as to Williams' sex-based hostile work environment claim, and granted as to the remaining claims.

**BACKGROUND**

According to the complaint, Williams was hired by the CTA as a train operator in 2012. (R. 1 ¶ 8.) While working at the CTA, Williams alleges that she faced harassment from other employees because of her identification as a gay woman. (*Id.* ¶¶ 18, 20.) Specifically, Williams alleges that:

> On numerous occasions, other employees spoke in a degrading manner regarding Plaintiff's sexual orientation, including but not limited to discussing her private parts, being refused entry to offices because she was perceived as dirty due to her sexual orientation, was treated differently compared to straight employees, and was continuously unsupported by senior leadership and managers in addressing her complaints.

(*Id.* ¶ 20.) On August 6, 2023, Williams was "harassed, verbally accosted and spit on" by a CTA passenger, causing her to develop PTSD. (*Id.* ¶ 12.) The next day, Williams alleges that the CTA "became aware" of her PTSD. (*Id.* ¶ 14.) Williams alleges that she "sought reasonable accommodation" to resume her employment at the CTA while recovering from the spitting incident, but her accommodation request was denied. (*Id.* ¶¶ 16–17.)

In response to the alleged discriminatory treatment and the spitting incident, Williams used the grievance process set forth in her union's collective bargaining agreement and filed a workers' compensation claim. (*Id.* ¶¶ 21–22.) Williams alleges that, following these actions, the CTA "became more hostile towards [her] and retaliated against her by refusing to communicate with her, and deprived [her] of opportunities for more compensation, advancement and to return to work with a reasonable accommodation." (*Id.* ¶ 22.)

Williams alleges that she filed a timely charge of discrimination with the Equal Employment Opportunity Commission and received a right to sue letter. (*Id.* ¶¶ 6–7.) She thereafter filed this lawsuit, asserting sex-based discrimination, hostile work environment, and retaliation in violation of Title VII and the IHRA (Counts I and IV); disability-based discrimination, failure to accommodate, hostile work environment,

2

and retaliation in violation of the ADA and the IHRA (Counts II and V); and hostile work environment in violation of the IWCA (Count III). (R. 1.) The CTA seeks to dismiss all of Williams' claims under Rule 12(b)(6). (R. 2.)

## LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion is not to decide the merits of the case but to test the sufficiency of the complaint. *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990). To survive dismissal, the factual allegations in a complaint must be sufficient to raise the possibility of relief above a "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This does "not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly,* 550 U.S. at 555). Finally, because it is the movant's burden to demonstrate that a complaint must be dismissed under Rule 12(b)(6), the Court may not grant a motion simply on the basis that it is unopposed, as is the case here. *Marcure v. Lynn*, 992 F.3d 625, 632 (7th Cir. 2021).[1]

---

[1] Williams failed to respond to the CTA's motion to dismiss on or before May 23, 2024, as ordered by the Court. (R. 3.)

3

ANALYSIS

I. Counts I and IV – Title VII

The Court begins by analyzing Williams' sex discrimination claims under Title VII and the IHRA. The complaint asserts claims based on sex discrimination, hostile work environment, and retaliation. Discrimination on the basis of sexual orientation is a form of sex discrimination under Title VII. *Bostock v. Clayton Cnty.*, 140 S. Ct. 1731, 1746–47 (2020). Because Illinois courts apply the federal Title VII legal standards to claims of discrimination under the IHRA, the Court addresses Count I (Title VII) and Count IV (IHRA) together. *Reed v. Freedom Mortg. Corp.*, 869 F.3d 543, 547 (7th Cir. 2017) (citing *Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 383 (7th Cir. 2016)).

### a. Discrimination on the basis of sex

The CTA first argues that Williams' sex discrimination claim fails because the complaint does not allege that she suffered an adverse employment action. (R. 2 at 4.) The Court agrees. To state a sex discrimination claim, Williams must "aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). An adverse action is one that "materially alter[s] the terms and conditions of employment," *Stutler v. Ill. Dep't of Corrs.*, 263 F.3d 698, 703 (7th Cir. 2001), such as "hiring, firing, failing to promote, reassignment with significantly different responsibility, or a decision causing a significant change in benefits." *Lewis v. City of Chi.*, 496 F.3d 645,

4

653 (7th Cir. 2007) (quoting *Bell v. E.P.A.*, 232 F.3d 546, 555 (7th Cir. 2000)). *See, e.g.*, *Snow v. J. Sterling Morton High Sch. Dist. 201*, No. 16 C 2685, 2016 WL 5391222 at *3 (N.D. Ill. Sept. 27, 2016) (denial of a promotion that plaintiff applied for); *Spencer v. Austin*, No. 19 C 7404, 2021 WL 4448723 (N.D. Ill. Sept. 28, 2021) (denial of request for raise and proper job title); *Clark v. SMG Corp.*, No. 16 CV 07985, 2018 WL 4699763, at *5 (N.D. Ill. Sept. 30, 2018) (diminished material responsibilities, suspension, and being passed over for a promotion).

Williams' complaint flunks even this basic threshold because it does not specify any adverse employment action. The complaint states only that "[Williams] has been subjected to bullying, harassment, and disparate treatment based on her being of the sex female, and homosexual . . . by and through Defendants [sic] authorized agents, servants and/or employees." (R. 1 ¶¶ 18–19.) These allegations fail to articulate "how [Williams] was aggrieved and what facts or circumstances lead her to believe her treatment was because of her membership in a protected class." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777–78 (7th Cir. 2022) (dismissing Title VII discrimination claim).

Unspecified allegations of "harassment" or "disparate treatment" "are the legal elements of the various claims [Williams] has asserted; they are not factual allegations and as such contribute nothing to the plausibility analysis under *Twombly/Iqbal*." *See McCauley v. City of Chi.*, 671 F.3d 611, 618 (7th Cir. 2011) (dismissing plaintiff's complaint). These barebones allegations do not allege a specified employment action, or explain how such action materially altered the terms

5

and conditions of Williams' employment. *Cf. Tamayo*, 526 F.3d at 1085 (complaint survived a motion to dismiss where the plaintiff alleged "specific" adverse employment actions). The motion to dismiss is therefore granted as to Williams' sex discrimination claims under Title VII and the IHRA.

### b. Hostile work environment

The CTA next argues that Williams failed to successfully plead a hostile work environment claim because (1) her allegations are mere legal conclusions, (2) the treatment faced by Williams was not "severe and pervasive" enough, and (3) because the CTA was not aware of employee harassment. (R. 2 at 5.) To state a hostile work environment claim under Title VII or the IHRA, Williams must show "(1) [she was] subject to unwelcome harassment; (2) the harassment was based on [her sex]; (3) the harassment was so severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is a basis for employer liability." *Johnson v. Advoc. Health & Hosps. Corp.*, 892 F.3d 887, 900 (7th Cir. 2018).

Harassment is only actionable when it is "sufficiently severe or pervasive" as to "create an abusive working environment." *Cerros v. Steel Techs., Inc.*, 288 F.3d 1040, 1045–46 (7th Cir. 2002). This element "is in the disjunctive—the conduct must be *either* severe *or* pervasive." *Vance v. Ball State Univ.*, 646 F.3d 461, 469 (7th Cir. 2011) (emphasis in original), *aff'd,* 570 U.S. 421 (2013). This means that "one extremely serious act of harassment could rise to an actionable level as could a series of less severe acts." *Hall v. City of Chi.,* 713 F.3d 325, 330 (7th Cir. 2013). A court addressing this element must "look to all the circumstances, including the frequency

of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Russell v. Bd. of Trs. of Univ. of Ill. at Chi.*, 243 F.3d 336, 343 (7th Cir. 2001) (internal quotation marks omitted). But Title VII does not impose a "general civility code" in the workplace; "simple teasing, offhand comments, and isolated incidents (unless extremely serious)" do not suffice. *Faragher v. City of Boca Raton,* 524 U.S. 775, 788 (1998) (internal quotation marks and citation omitted).

The Court finds that Williams has met her burden at this stage and stated a claim for hostile work environment under Title VII and the IHRA. Williams has alleged the basic components of her claim: "the type of discrimination" (on the basis of sex and sexual orientation); "the whom" (other employees); "and the when" (on numerous occasions). *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 834 (7th Cir. 2015); (*see also* R. 1 ¶ 20.) Allegations that, on "numerous occasions," other CTA employees "discussed [Williams'] private parts" and "refused her entry to offices because she was perceived as dirty due to her sexual orientation," plausibly state a claim of hostile work environment based on sexual harassment. (R. 1 ¶ 20.) While the CTA contends that Williams has not alleged sufficient severity, the Seventh Circuit has held that "it is premature at the pleadings stage to conclude just how abusive [Plaintiff]'s work environment was." *Huri*, 804 F.3d at 834 (7th Cir. 2015). Further, contrary to the CTA's argument, there is a basis for employer liability because Williams alleges that at least *some* of the harassment occurred after she went

7

through her union's grievance process and the CTA failed to address her concerns. (R. 1 ¶¶ 20, 22, 28.) The CTA's motion to dismiss Williams' sex-based hostile work environment claim is therefore denied.

### c. Retaliation

The CTA next argues that Williams' Title VII retaliation claim fails because she does not plausibly allege a protected activity, an adverse employment action, or a causal connection between the two. (R. 2 at 6–9.) "To state a claim for Title VII retaliation, a plaintiff must plead that she engaged in a statutorily protected activity and was subjected to materially adverse actions as a result of that activity." *Hatcher v. Bd. of Trs. of S. Ill. Univ.*, 829 F.3d 531, 536 (7th Cir. 2016) (citing *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 57 (2006)).

Even assuming that Williams has alleged a protected activity, her complaint fails to allege an adverse employment action. "Materially adverse actions . . . include any actions that would dissuade a reasonable employee from exercising his rights. . . ." *Breneisen v. Motorola, Inc.*, 512 F.3d 972, 979 (7th Cir. 2008). However, "petty slights and minor annoyances . . . generally will not create such deterrence." *Henry v. Milwaukee Cnty.*, 539 F.3d 573, 587 (7th Cir. 2008). An adverse employment action must have some "tangible job consequence" such as "a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Traylor v. Brown*, 295 F.3d 783, 788 (7th Cir. 2002).

8

In her complaint, Williams alleges only three potentially adverse actions: the CTA not communicating with her, the denial of compensation opportunities, and the CTA's failure to accommodate her. (R. 1 ¶ 22, 28.) As to the first action, Williams has not alleged facts suggesting that the CTA's failure to communicate with her would dissuade a reasonable person from exercising their rights or result in a tangible job consequence. *See Stephens v. Erickson*, 569 F.3d 779, 790 (7th Cir. 2009) ("Federal law protects an employee only from retaliation that produces an injury"). Rather, the communication failure appears to be a "petty slight" or "minor annoyance," which is not actionable under Title VII. *See Bell*, 232 F.3d at 554–55 ("demeaning assignments, verbal abuse, surveillance, diminished responsibilities, refusal to cooperate on job assignments, and placements in situations designed to result in failure" even in the aggregate, "do not rise to the level of actionable retaliation"). Next, while Williams alleges that she was denied the opportunity for compensation, she does not specifically identify any opportunities that she was entitled to. And finally, as explained in greater detail below, her "failure to accommodate" allegations are unspecified and conclusory.

Because Williams fails to allege an adverse employment action, the Court grants the CTA's motion to dismiss her Title VII and IHRA retaliation claims.

## II. Counts II and V – ADA and IHRA

The Court next considers Williams' disability discrimination claims. Williams asserts claims for discrimination, failure to accommodate, hostile work environment, and retaliation on the basis of her disability. Because disability discrimination claims

9

under the ADA and the IHRA are analyzed under the same standards, the Court addresses Count II (ADA) and Count V (IHRA) together. *McKay v. Vitas Healthcare Corp. of Ill.*, 232 F.Supp.3d 1038, 1043 (N.D. Ill. 2017) (analyzing ADA and IHRA claims under the same legal standard); *Nutall v. Terminals*, No. 14 C 4738, 2015 WL 9304350, at *8 (N.D. Ill. Dec. 22, 2015).

### a. Disability discrimination

The CTA argues that Williams' disability discrimination claim should be dismissed because she fails to allege an adverse action and is not a "qualified individual" under the ADA. (R. 2 at 10–13.) To successfully plead disability discrimination, Williams must allege that "(1) she is disabled within the meaning of the ADA, (2) she is qualified to perform the essential functions of the job, either with or without a reasonable accommodation, and (3) she suffered from an adverse employment action because of her disability." *Hoppe v. Lewis Univ.*, 692 F.3d 833, 838–39 (7th Cir. 2012). Here, even if Williams' PTSD makes her a "qualified individual" under the ADA, she fails to specifically identify any adverse employment action that she suffered because of this disability. Accordingly, her disability discrimination claim is dismissed.

### b. Failure to accommodate

The CTA next argues that Williams fails to state a claim for failure to accommodate. (R. 2 at 10–12.) To successfully plead a claim for failure to accommodate, a plaintiff must allege "(1) she is a qualified individual with a disability; (2) the employer was aware of her disability; and (3) the employer failed to

10

reasonably accommodate the disability." *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005).

Here, Williams' claim fails on third element. Allegations that the CTA "failed to reasonably accommodate" her, (R. 1 ¶ 16), are entirely conclusory. Williams' complaint fails to specify any accommodation request that she actually made, or allege even basic facts about the request, such as what accommodation she requested, when, and from whom. Williams' allegations as to this claim reflect the kinds of legal conclusions, speculation, and threadbare recitals of causes of actions that fail at this stage. *See Iqbal*, 556 U.S. at 678. Moreover, to the extent that Williams contends that her "impairments . . . rendered [her] unable to work," (*Id.* ¶ 36), she is not a "qualified individual" under the statute. *DePaoli*, 140 F.3d at 674 ("[A] worker has no claim under the ADA if she … cannot do the job for which she was hired."). Accordingly, the Court grants the CTA's motion to dismiss Williams' failure to accommodate claim.

### c. Hostile work environment

Harassment in the form of hostile work environment is actionable under the ADA. *Ford v. Marion Cnty. Sherif's Off.*, 942 F.3d 839, 851 (7th Cir. 2019). A hostile work environment exists when "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.* (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). While Williams' complaint contains detailed allegations indicating that she was harassed due to her sexual orientation, there are no allegations indicating that her

fellow CTA employees harassed her because of her disability. (*See* R. 1 ¶¶ 18–20.) As a result, her disability-based hostile work environment claim fails. The Court grants the CTA's motion to dismiss this claim.

### d. Retaliation

The CTA argues that William's ADA and IHRA retaliation claims fail because denial of Williams' accommodation request cannot be recognized as retaliation for her filing of the request. (R. 2 at 12–13.) To state a retaliation claim under the ADA, Williams must allege that (1) she engaged in a statutorily protected activity, (2) she suffered an adverse employment action, and (3) a causal connection exists between the protected activity and the adverse action. *Squibb v. Mem'l Med. Ctr.*, 497 F.3d 775, 786 (7th Cir. 2007).

Williams' disability-based retaliation claim fails for two reasons. First, Williams alleges retaliation by the CTA in response to a "filed workers' compensation claim." (R. 1 ¶ 22.) However, to state a claim for ADA retaliation, a plaintiff "must have asserted h[er] rights *under the ADA* by either seeking an accommodation or raising a claim of discrimination due to h[er] disability." *Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 814–15 (7th Cir. 2015) (emphasis added). Filing a worker's compensation claim is not recognized as a statutorily-protected activity under the ADA. *See, e.g., Corrales v. Westin Hotel Mgmt. LP*, No. 17 C 6868, 2019 WL 1762907, at *8 (N.D. Ill. Apr. 22, 2019) ("Because pursuit of a workers' compensation claim is protected by the Illinois Workers' Compensation Act, 820 ILCS 305/1 *et seq.*,

not the ADA, it does not qualify as a protected activity for purposes of an ADA retaliation claim.").

Second, even if filing a workers' compensation claim could be considered protected activity under the ADA, Williams has also failed to allege that she suffered an adverse employment action. As set forth above, Williams' allegations as to failure to accommodate are conclusory, and she does not allege that she suffered any other tangible harm. Because Williams fails to allege both a statutorily protected activity and an adverse action, Court grants the CTA's motion to dismiss as to this claim.

### III. Count III – IWCA hostile work environment

Lastly, the Court turns to Williams' IWCA hostile work environment claim. Williams brings this claim pursuant to 820 ILCS 305/4(h), which provides, in pertinent part:

> "[i]t shall be unlawful for any employer, insurance company or service or adjustment company to interfere with, restrain or coerce an employee in any manner whatsoever in the exercise of the rights or remedies granted to him or her by this Act or to discriminate, attempt to discriminate, or threaten to discriminate against an employee in any way because of his or her exercise of the rights or remedies granted to him or her by this Act."

820 ILCS 305/4(h); (R. 1 ¶ 46). The Court is aware of no authority recognizing hostile work environment as a cause of action under the IWCA. Despite its reference to "discrimination," 820 ILCS 305/4(h) does not provide a civil remedy for discrimination. *See, e.g.*, *Cardenas v. United Parcel Serv., Inc.*, No. 06 C 3868, 2006 WL 8460967, at *1 (N.D. Ill. Nov. 6, 2006) (holding that the IWCA "does not provide a private cause of action"); *see also, e.g.*, *Flasza v. TNT Holland Motor Express, Inc.*,

13

159 F.R.D. 672, 681 (N.D. Ill. 1994) (citing *Spearman v. Exxon Coal USA,* 16 F.3d 722, 725 (7th Cir. 1994)) (same). Instead, the provision animates an independent cause of action under Illinois common law for retaliatory discharge. *Borcky v. Maytag Corp.*, 248 F.3d 691, 695–96 (7th Cir. 2001) (citing *Kelsay v. Motorola Inc.*, 384 N.E.2d 353, 357 (Ill. 1978)). Because there are no allegations indicating that Williams has been discharged in retaliation for her disability, her 820 ILCS 305/4(h) claim fails. *See Cardenas*, 2006 WL 8460967, at *2 ("Because, as a matter of law, there is no statutory cause of action under the [IWCA], [the plaintiff] has failed to state a claim under which relief can be granted").

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss [10] is denied as to the plaintiff's Title VII and IHRA hostile work environment claims (Count I and IV). The motion is granted as to all other claims. The plaintiff's oral motion for leave to amend her complaint is granted; any amended complaint is due on or before August 2, 2024. The defendant shall answer (or, with respect to any new or amended claims, otherwise plead) on or before August 23, 2024.

Date: July 18, 2024

JEREMY C. DANIEL
United States District Judge